## Case No. 2,216.

BURTON v. The COMMANDER IN CHIEF.

[N. Y. Daily T., Nov. 8, 1861.]

Circuit Court, S. D. New York.[1]

COLLISION — VESSEL AT ANCHOR — RECOVERY BY CARRIER AS BAILEE—DAMAGES.

[1. A vessel, while lying at anchor, a bright moonlight night. near Little Egg harbor, in a proper and usual place of anchorage, with a bright light in the fore rigging, and a competent lookout on deck, was struck and sunk by a

[1 [Affirming decree of the district court in Burton v. The Commander in Chief, Case No. 2.215. Decree of the circuit court affirmed by supreme court in La Tourette v. Burton, 1 Wall. (68 U. S.) 43.]

schooner running with the wind free, whereby the vessel and cargo became a total loss. Held, that the schooner was liable.]

[See note at end of case.]

[2. Though the cargo belonged to third parties, the carrier, as bailee, was entitled to recover for its loss.]

[See note at end of case.]

[3. The condition of the vessel and cargo and state of the weather being such as to preclude a reasonable expectation of saving any part of the property, the libelants were not obliged to undergo the expense and hazard of the attempt.]

[Appeal from the district court of the United States for the southern district of New York.

[In admiralty. Libel by Peter R. Burton and William H. Lingo, owners of the schooner William Clarke, against the schooner Commander in Chief, to recover damages sustained by a collision. From a decree for libelants in the district court (Case No. 2,-215), Abraham La Tourette and Daniel Butler, claimants, appeal. Affirmed.

[For hearing on exceptions to commissioner's report on reference as to damages, see Case No. 2,215.]

Before NELSON, Circuit Justice.

This is a libel filed against the schooner Commander in Chief, to recover damages from a collision with the schooner William Clarke, in January, 1853, while at anchor some short distance north and east of Little Egg Harbor light, in two or three fathoms of water, and about a mile from shore. The William Clarke was on her way from Indian river, Delaware, to New York, laden with corn. The wind was from the northwest, blowing fresh, and the night cold, which made it prudent, if not necessary, to anchor the vessel for the night. The place was usual anchorage ground, and several coasters were lying at anchor at the time in the neighborhood. A bright light was placed in the fore rigging, and a competent lookout on deck. The Commander was running down the coast with the wind free. It was a moonlight night. and vessels could readily be seen at a considerable distance. She ran into the Clarke at anchor, head on, striking her upon the starboard side, and opening her sides, so that she sunk to the bottom in a few minutes, vessel and cargo submerged. The mere statement of the case is decisive as to the fault of the colliding vessel. The court below decreed in favor of the libelants the value of the vessel and cargo. It is urged that admitting the liability of the respondent's vessel, that the court erred: (1) In decreeing the value of the cargo, as the corn belonged to third parties. But this is in conformity with repeated decisions of this court, confirmed by several decisions of the supreme court of the United States. The carrier recovers as bailee of the cargo. (2) In decreeing the whole value of the vessel, as the law of abandonment has not been incorporated into these collision cases. But

we are satisfied. upon the proofs, that here was a total loss of vessel and cargo, as under the circumstances, the condition of vessel, cargo and weather, the libelants were not obliged to encounter the expense and hazard attending an apparently hopeless effort to rescue the property with an expectation of saving any part of it. Decree affirmed.

[NOTE. The claimants appealed to the supreme court, which affirmed the decree of the circuit court, and held that the weight of the evidence clearly showed that the Clarke was anchored in a proper place. and had a proper lookout, and a light which could have been seen from the Commander in Chief had due vigilance been exercised by those on board that vessel, and that, therefore, the fault of the collision lay with claimants; that the grounds of the first exception, i. e. to the allowance of improper and immaterial evidence, could not be determined because of the absence of any report of the evidence objected to; that exceptions 2, 3, and 4, to the effect that the commissioner was not justified in his findings on the facts, were too indefinite for consideration without a report of the facts; and that the fifth exception, to the allowance of incompetent testimony as to the value of the vessel, could not be considered, as the names of the witnesses were not given, the alleged incompetency not specified, nor the ground of objection pointed out. The court further held that the owners of the Clarke, as bailees of the cargo. were competent to sue for its loss, following Commercial Transp. Co. v. Fitzhugh, 1 Black (66 U. S.) 574; and that the objection that the owners thereof were not made parties to the suit, not having been made below, could not be made available as an original objection in the supreme court; and, furthermore, that the record failed to show that libelants were not the owners of the cargo, and that, even if that fact was true, the real owners could still intervene. La Tourette v. Burton, 1 Wall. (68 U. S.) 43.]